(No. 39208.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM CLINTON MULLENHOFF, Appellant.

*Opinion filed November 19, 1965.*

GERALD W. GETTY, Public Defender of Cook County, (JAMES J. DOHERTY, FREDERICK F. COHN, and WILLIAM J. MORAN, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This case involves a construction of the compulsory joinder provisions of the Illinois Criminal Code of 1961. Defendant was convicted of attempted rape after his plea of former acquittal was denied. The appellate court affirmed. (*People* v. *Mullenhoff*, 52 Ill. App. 2d 369.) We granted defendant leave to appeal, partly because of an apparent conflict with *People* v. *Miller*, 55 Ill. App. 2d 146. See *People* v. *Miller*, 31 Ill.2d 631.

Since the sole issue on this appeal is whether or not the present prosecution is barred by defendant's former acquittal of another charge, we will set forth only the facts necessary for a determination of that issue.

Defendant Mullenhoff was first indicted for the crime of attempt to commit a deviate sexual assault arising out of an alleged attack by defendant on Mrs. Zandy on March 29, 1962.

The sole witnesses at the first trial were Mrs. Zandy and officer Cosgrove who also testified before the grand jury. Mrs. Zandy testified that defendant accosted her in a laundromat and forced her to disrobe at the point of a knife. He then lowered his trousers and got on top of her.

Prior to penetration defendant was stopped by the appearance of officer Cosgrove who arrested him. Mrs. Zandy then accused the defendant of attempted rape. At the trial before the court defendant moved for a finding of not guilty at the close of the State's case. The motion was sustained and a judgment of acquittal entered on May 8, 1962. The trial judge acted properly, as the only testimony presented revealed no attempt to commit a deviate sexual act as defined in section 11—2 of the Criminal Code of 1961. Ill. Rev. Stat. 1961, chap. 38, par. 11—2.

The same day Mrs. Zandy and officer Cosgrove testified again before the grand jury and they returned an indictment charging the defendant with the crime of attempt to commit rape.

Prior to the second trial defendant filed a petition for discharge based upon his prior acquittal which was denied. The State and defendant then stipulated that the evidence would be the same as in the first trial. He was thereafter found guilty and convicted of attempted rape on the basis of the transcript of the evidence presented at the trial on the prior indictment.

The fundamental unfairness of multiple prosecutions, not barred by the traditional concepts of double jeopardy, has been pointed out by the United States Supreme Court, (*Ciucci* v. *Illinois,* 356 U.S. 571, 2 L. ed. 2d 983,) and by this court in *People* v. *Golson,* 32 Ill.2d 398.

Subsequent to the *Ciucci* case the legislature incorporated detailed provisions governing multiple prosecutions in sections 3—3 and 3—4 of the Criminal Code of 1961. (Ill. Rev. Stat. 1961, chap. 38, pars. 3—3, 3—4.) Section 3—3 provides as follows:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

"(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecu-

tion and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

"(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately."

Section 3—4, insofar as it is applicable here, provides:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

> (1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code (unless the court ordered a separate trial of such charge); or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the offense was not consummated when the former trial began; * * *."

In this case it is conceded by the State that both indictments concern the identical occurrence and conduct of the defendant. It, therefore, appears to this court that the present prosecution falls clearly within the provisions of section 3—4 and is barred.

In this case the same conduct of the defendant might establish the commission of more than one offense. All of the facts upon which both charges were based were known to the prosecutor at the time of commencement of the prosecution and were within the jurisdiction of a single court. Therefore, section 3—3(b) provides that both offenses "must be prosecuted in a single prosecution" unless

two or more offenses are charged and the court orders that they be tried separately. However, in this case the State decided to proceed only on the single charge of an attempt to commit a deviate sexual assault.

Pursuant to section 3—4(b) a subsequent prosecution is barred after a prior conviction or acquittal if the subsequent prosecution is "for an offense with which the defendant should have been charged on the former prosecution as provided in section 3—3 of this Code * * *."

Therefore the crux of the question is whether both offenses charged should have been prosecuted, in a single prosecution under section 3—3. We think this query must be answered in the affirmative. Both offenses were based on the identical conduct of the defendant, and this conduct was known to the prosecuting officer at the commencement of the prosecution. The statute places the burden on the prosecutor to either elect the charge on which he desires to proceed or to proceed on both charges.

Failing to proceed on both offenses in a single prosecution, the State must be barred by the first acquittal.

The State has earnestly pointed out that the present prosecution does not involve the fundamental unfairness which we noted in *People* v. *Golson*, 32 Ill.2d 398, nor does it involve the vice of the proceedings in *Ciucci* v. *Illinois*, 356 U.S. 571, 2 L. ed. 2d 983.

While the present case does not involve the precise problems with which the legislature may have been concerned in drafting the Criminal Code, we must adhere to the explicit commands of that code.

We therefore conclude that the present prosecution was barred by defendant's prior acquittal and the judgments of the trial and appellate courts are reversed.

*Judgments reversed.*