THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE LAUE, Defendant-Appellant.

Fifth District   No. 5—90—0161

Opinion filed October 8, 1991.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Paula Phillips, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Joe Laue, was tried by a jury in Effingham County for the aggravated battery of Darrell Gallup, an alleged physically handicapped person. (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(14).) The jury found defendant guilty of battery by making contact of an insulting or provoking nature (Ill. Rev. Stat. 1989, ch. 38, par. 12—3(a)(2)) and not guilty of battery by causing bodily harm (Ill. Rev. Stat. 1989, ch. 38,

par. 12—3(a)(1)). The trial court sentenced defendant to two years' probation for battery, and he appeals his conviction.

We first address defendant's contention that the trial court erred when it directed a verdict of not guilty of aggravated battery, thereafter allowed the State to file an information charging two counts of battery, and continued the trial based on the newly filed charges. After the State rested its case based on the original charge of aggravated battery, defendant moved for a directed verdict, arguing that the State had failed to prove beyond a reasonable doubt that defendant knew the individual harmed to be physically handicapped. The State noted that if the court ruled in defendant's favor, it would be filing a battery charge as "Count II." After a brief recess, the following colloquy occurred between the trial court and defense counsel:

> "THE COURT: The Court, first of all, finds that the State has the burden of proof beyond a reasonable doubt showing that the defendant *** knew that the victim was a physically handicapped person, although that was not the way the Information is drafted. That's the way the law is. Secondly, the Court finds that the State has not produced sufficient evidence to prove, to allow any jury verdict to stand which would include a finding that the defendant knew that Darrell Gallup was a physically handicapped person as described in the statute. I quite frankly am not sure where that leaves us with regard to the question of proceeding on battery. If the State wishes to do so, battery would be an included offense. Mr. Stasiulis, is it your position that the State cannot proceed?
>
> MR. STASIULIS: Yes, Judge.
>
> THE COURT: Okay, what the Court is going to do is recess the jury until 1:00, and we will take this matter up at 12:00.
>
> MR. STASIULIS: Your Honor, I'm not arguing with the Court. Just so I understand. Has the Court directed a not guilty on aggravated battery?
>
> THE COURT: The Court finds that *** there is no [*sic*] sufficient evidence to submit that question to the jury, and that is all the Court is finding right now."

During the ensuing recess, the State filed battery counts II and III. Upon reconvening, the court heard additional argument and then stated that it was granting a directed verdict with regard to count I and would proceed with trial on counts II and III.

On appeal, the State argues that the trial court did not direct the verdict on aggravated battery until after counts II and III were filed.

The State contends that "the judge made a finding of insufficiency but specifically reserved any other ruling or action."

However, the granting of a motion to direct a verdict is an acquittal and it is immaterial whether the directed verdict has been announced to the jury or reduced to writing. (*People v. Poe* (1984), 121 Ill. App. 3d 457, 462, 459 N.E.2d 667, 671; *People v. Stout* (1982), 108 Ill. App. 3d 96, 98-99, 438 N.E.2d 952, 954-55.) Further, what constitutes an acquittal is not to be controlled by the form of the court's action. Rather, the question is whether the ruling of the court, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged. *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 571, 51 L. Ed. 2d 642, 651, 97 S. Ct. 1349, 1354-55; see also *People v. Deems* (1980), 81 Ill. 2d 384, 388-89, 410 N.E.2d 8, 10-11, *cert. denied* (1981), 450 U.S. 925, 67 L. Ed. 2d 355, 101 S. Ct. 1378.

Section 115—4(k) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—4(k)) provides:

> "When, at the close of the State's evidence or at the close of all of the evidence, the evidence is insufficient to support a finding or verdict of guilty the court may and on motion of the defendant shall make a finding or direct the jury to return a verdict of not guilty, enter a judgment of acquittal and discharge the defendant."

Here, therefore, when the trial court evaluated the State's evidence and determined that it was legally insufficient to sustain a conviction, the court effectively directed a verdict on the aggravated battery charge and such determination was tantamount to an acquittal. Indeed, the record shows that the court believed that an order directing the verdict had been made prior to the filing of counts II and III where, in denying defendant's motion for a new trial, the court stated:

> "I am not certain that the procedure that the Court allowed in this case, allowing the State to file additional charges *after* a directed verdict on the Information[,] was correct, but that is the Court's ruling and I have not been presented with any cases to indicate that was erroneous *** although I certainly express some concern about that procedure." (Emphasis added.)

Once the initial prosecution has resulted in either a conviction or acquittal on any of the charges known to the prosecutor, the State may not thereafter amend the information by adding charges for which the defendant could have been convicted and which should have been

joined in the initial prosecution. (*People v. Lewis* (1983), 112 Ill. App. 3d 626, 630, 445 N.E.2d 916, 919; *People v. Mullenhoff* (1965), 33 Ill. 2d 445, 448-49, 211 N.E.2d 744, 746; *People v. Murray* (1982), 106 Ill. App. 3d 50, 52, 435 N.E.2d 772, 773-74.) In *Lewis*, the State was prohibited from amending an information by adding additional charges for a second trial after defendant was acquitted of attempted murder and a mistrial was declared on other charges, even though the added charges were alternative pleadings of offenses originally charged. In *Mullenhoff*, an acquittal on the charge of deviate sexual assault barred a subsequent prosecution for attempted rape since both crimes were known to the prosecution and were based upon a single act. Similarly in *Murray*, an acquittal for mob action barred prosecution for obstructing a peace officer where both were based on a single act.

■ In the instant case, therefore, the addition of two battery charges, based upon the same physical act as the original aggravated battery charge of which defendant had been acquitted, was improper. Although the information could have been properly amended to add the new charges prior to trial, the State did not do so, and its failure precluded it from doing so after the first trial was effectively ended by the directed verdict. See *Lewis*, 112 Ill. App. 3d at 631, 445 N.E.2d at 920; Ill. Rev. Stat. 1989, ch. 38, pars. 3—3(b), 3—4(b).

Further, as in *Lewis*, "[t]he fact that the added charges are alternative pleadings of the offense[ ] originally charged does not make the subsequent prosecution *** any less onerous than if a wholly new crime had been charged." (*Lewis*, 112 Ill. App. 3d at 631, 445 N.E.2d at 920.) Section 3—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 3—3) places the burden on the prosecutor to either elect the charge on which he desires to proceed or to proceed on both charges. Failing to proceed on both offenses in a single prosecution, the State must be barred by the first acquittal. (*Mullenhoff*, 33 Ill. 2d at 449, 211 N.E.2d at 746.) We therefore conclude that defendant's prosecution on the additional counts of battery was barred by his prior acquittal of aggravated battery and his conviction for battery must be reversed.

In light of this disposition, it is unnecessary to address defendant's second contention regarding the propriety of his sentence for battery. The judgment of conviction entered and the sentence imposed by the trial court for battery are reversed.

Reversed.

RARICK, P.J., and HOWERTON, J., concur.