THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DYRECE T. KNAFF, Defendant-Appellant.

Fourth District  No. 4—99—0056

Argued May 23, 2000.—Opinion filed June 27, 2000.

Daniel D. Yuhas and Gary R. Peterson (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE COOK delivered the opinion of the court:

Defendant, Dyrece Knaff (Knaff), appeals after he was found guilty on two counts of unlawful delivery of a controlled substance and sentenced to concurrent terms of five years' imprisonment. Knaff asserts that his conviction must be reversed because it violates the double jeopardy clauses in the United States and Illinois Constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10). We affirm.

Knaff was indicted on two counts of unlawful delivery of a controlled substance "on any public way within 1,000 feet of the real property *** owned, operated[,] and managed by a public housing agency" and two counts of the lesser included offense, unlawful delivery of a controlled substance (720 ILCS 570/407(b)(2) (West 1998); 720 ILCS 570/401(d) (West Supp. 1997)). Unlawful delivery on a public way within 1,000 feet of public housing is a Class 1 felony (720 ILCS 570/407(b)(2) (West 1998)), while the lesser included offense (excluding the public-way and 1,000-feet requirements) is a Class 2 felony (720 ILCS 570/401(d) (West Supp. 1997)).

Prior to jury selection, the State moved to dismiss the Class 2 felony counts, claiming that the evidence would show that the offenses occurred "on the public way within 1,000 feet of property owned by the Quincy Housing Authority." However, the prosecutor did state that she would request instructions on the lesser included offenses of unlawful delivery in the event that the evidence did not establish that the offenses occurred on a public way within 1,000 feet of the housing agency. The circuit court dismissed the Class 2 unlawful delivery counts based on the State's request.

Before calling eyewitness Sharon Fields to testify, the State moved to amend count I of the indictment to a Class 2 felony by deleting the phrase "while on a public way within 1,000 feet of property owned, operated[,] and managed by the Quincy Housing Authority." Fields had just revealed that the first sale of cocaine, addressed in count I, took place inside a bar and not on a public sidewalk, as the prosecutor was previously led to believe. Knaff objected to the State's motion on the ground that the jury had already heard evidence on the Class 1 felonies and that reducing count I to a Class 2 felony "could be addressed after the evidence [was] presented." The circuit court denied the State's motion to amend the indictment but stated that it would subsequently decide whether the jury would be instructed on the lesser included offense.

The State proceeded with its case. After the State rested, Knaff moved for a directed verdict on both counts. He argued that there was insufficient evidence to establish that he sold a controlled substance within 1,000 feet of the Quincy Housing Authority property.

The circuit court questioned whether the testimony established that the delivery took place within 1,000 feet of a public housing facility. There was general testimony that the delivery was within a block of public housing property and that an "average" block is approximately 850 feet long. However, no specific testimony established that the delivery occurred within 1,000 feet of public housing property.

The court took the motion for directed verdict under advisement during a recess to allow the parties to research what evidence was required to establish the 1,000-foot distance. Following the recess, the court heard argument and refused to let the Class 1 offenses go to the jury because the State failed to properly establish that the offenses occurred within 1,000 feet of public housing. The State again sought leave to amend the indictment by deleting the language enhancing the offenses to Class 1 felonies from both counts. Defense counsel objected on the ground that the prosecutor had elected to proceed to trial solely on the Class 1 enhanced offenses.

The circuit court ruled that while the evidence was insufficient to prove that the offenses occurred within 1,000 feet of public housing, the State had made its *prima facie* case for the Class 2 offenses. The court, however, questioned whether it could permit the State to amend the indictment or allow the case to "go forward on the lesser included offense." Knaff argued that the State was bound by its election to proceed solely on the Class 1 enhanced offenses. The State argued that the court had the authority to submit the case to the jury on the lesser included Class 2 offenses. Ultimately, the court allowed the State to amend the indictment, deleting the language enhancing the offense to a Class 1 felony.

The defense presented no evidence. The circuit court advised the jury of its determination that the evidence was insufficient to establish the distance of 1,000 feet and that the case was "going forward on two charges of delivery." The jury returned verdicts of guilty on both counts of unlawful delivery of a controlled substance, the Class 2 offenses.

On appeal, Knaff claims that the circuit court's ruling that found insufficient evidence relating to the Class 1 felonies amounted to a directed verdict, acquitting him of these offenses. Further, since the Class 1 offenses were the only charges remaining against him, he maintains that the State was precluded from amending the indictment to seek convictions on the lesser included Class 2 offenses. Knaff

argues that the State made a strategic decision to dismiss the unlawful delivery charges before trial and allowing it to amend the indictment amounted to a violation of the double jeopardy clause. We disagree.

■ The fifth amendment guarantee against double jeopardy affords individuals three types of protection: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. See *People v. Stefan*, 146 Ill. 2d 324, 333, 586 N.E.2d 1239, 1244 (1992), citing *Illinois v. Vitale*, 447 U.S. 410, 415, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2264 (1980). The Illinois Constitution provides: "[n]o person shall be compelled in a criminal case to *** be twice put in jeopardy for the same offense." Ill. Const. 1970, art. I, § 10. Knaff claims that his convictions for the Class 2 offenses amounted to "second prosecutions" for the same offense.

■ Here, we must determine whether the circuit court's ruling on the Class 1 felonies triggered the double jeopardy clause as to the lesser included Class 2 felonies. We conclude that it did not. A defendant may be convicted of an offense not expressly included in the charging instrument if that offense is a lesser included offense of the crime charged. *People v. Novak*, 163 Ill. 2d 93, 105, 643 N.E.2d 762, 769 (1994). A lesser included offense is "established by proof of the same or less than all of the facts or a less culpable mental state (or both)[ ] than that which is required to establish the commission of the offense charged." 720 ILCS 5/2—9(a) (West 1998).

■ The offense of unlawful delivery in section 401(d) of the Illinois Controlled Substances Act is a lesser included offense of unlawful delivery on a public way within 1,000 feet of public housing as referenced in section 407(b)(2). 720 ILCS 570/401(d) (West Supp. 1997); 570/407(b)(2) (West 1998). The fact that the delivery took place on a public way within 1,000 feet of public housing simply enhances the offense. The underlying elements are the same.

The circuit court found that the State proved the Class 2 offenses. Having found proof of the 1,000-feet element insufficient, the court did not err by permitting the State to amend the indictment, deleting the language enhancing the offenses to Class 1 felonies. The amendment did not change the underlying elements to the substantive offense with which Knaff was charged, nor did the amendment take Knaff by surprise or prevent him from preparing a defense. *People v. Coleman*, 49 Ill. 2d 565, 570, 276 N.E.2d 721, 723-24 (1971) (amendment permitted where allegations of amendment did not surprise defendant or prevent preparation of defense). Like the defendant in

*Coleman*, Knaff has shown no prejudice that resulted from the amendment but has asserted a mere technical objection thereto.

The circuit court stated that it was not entering a directed verdict on the Class 1 offenses, that it was only ruling that there was insufficient evidence of the 1,000-feet requirement. Even if the circuit court had announced that it was entering a "directed verdict" on the Class 1 offenses, we would hold there was no error in allowing the case to go forward on the Class 2 offenses, so long as the circuit court made its intent to do so clear when it entered the directed verdict.

We recognize that other districts have found that the State is not permitted to amend an information with lesser included offenses after a ruling that the evidence was insufficient to support the charged offense. *People v. Laue*, 219 Ill. App. 3d 926, 929-30, 579 N.E.2d 1270, 1272 (1991) (once initial prosecution has resulted in acquittal, State may not thereafter amend information by adding charges that should have been joined in the initial prosecution). In fact, a justice of our own district has reiterated this proposition. See *People v. Brown*, 134 Ill. App. 3d 951, 957, 481 N.E.2d 981, 985 (1985) (McCullough, J., dissenting) (differentiating "between the defendant's being *convicted* of an included offense of that charged in the indictment, as compared to proceeding against the defendant on 'included offenses' under the indictment after entry of a *directed verdict* on the only charged offense" (emphasis in original)).

We disagree with *Laue* and the dissent in *Brown* to the extent that they suggest that a defendant cannot be convicted of a lesser included offense when evidence is insufficient to allow the greater offense to go to the jury. To allow defendant to be exonerated from all accountability simply because the State failed to prove an element of the greater offense would be an injustice. Other courts have reached similar conclusions. See *People v. Lyons*, 26 Ill. App. 3d 193, 199, 324 N.E.2d 677, 681 (1974) (defendant charged with murder but convicted of aggravated battery because of State's inability to produce satisfactory evidence of a resulting death); *People v. Helms*, 133 Ill. App. 2d 727, 734, 272 N.E.2d 228, 233 (1971) (court directed verdict for defendant on one-count murder indictment but proceeded on lesser included offense of involuntary manslaughter upon which guilty verdict was returned).

■ We note that, contrary to defendant's argument on appeal, this was not a case where one or both parties made a strategic decision to go "all or nothing" with respect to the Class 1 felonies. See *People v. Griffith*, 158 Ill. 2d 476, 491-93, 634 N.E.2d 1069, 1077-78 (1994) (strategic decision not to instruct jury on second degree murder; rather, jury was given two alternatives: guilty of murder in first degree

or not guilty). The parties and the court were aware from the outset that if the Class 1 enhancing facts were not proved, the State would request instructions on the lesser included Class 2 offenses.

Our conclusion is consistent with the reasoning in the recent Supreme Court of Illinois decision in *People v. Garcia*, 188 Ill. 2d 265, 721 N.E.2d 574 (1999). In *Garcia*, the court held that a trial court has discretion to instruct a jury *sua sponte* on lesser included (and uncharged) offenses, even when the State does not request the instruction and the defendant objects. In reaching this conclusion, the court noted that it is appropriate for the trial court to "take into consideration society's interest in punishing the defendant for a crime, no more, no less, than the crime actually committed." *Garcia*, 188 Ill. 2d at 281, 721 N.E.2d at 583. The trial judge must transcend the limitations of the adversarial system and give instructions that safeguard justice and society's interest in avoiding the unjustified exoneration of wrongdoers, and that punish a defendant only to the extent of his crime. *Garcia*, 188 Ill. 2d at 281, 721 N.E.2d at 583.

The circuit court permitted the State to proceed on the Class 2 offenses that had been proved at trial. The circuit court gave instructions that safeguarded justice and society's interest in avoiding unjustified exoneration. The circuit court did not acquit Knaff of the Class 2 felonies by finding the evidence in support of the Class 1 felonies insufficient and, therefore, his convictions for the lesser included offenses did not place him in double jeopardy. We affirm Knaff's conviction.

Affirmed.

STEIGMANN and MYERSCOUGH, JJ., concur.