(No. 89827.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DYRECE T. KNAFF, Appellant.

*Opinion filed June 21, 2001.*

462

HARRISON, C.J., dissenting.

Daniel D. Yuhas, Deputy Defender, and Gary R. Peterson, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield, and Barney S. Bier, State's Attorney, of Quincy (Joel D. Bertocchi, Solicitor General, and William L. Browers and Jay Paul Hoffmann, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE THOMAS delivered the opinion of the court:

The defendant, Dyrece T. Knaff, was charged by indictment in the circuit court of Adams County with two counts of unlawful delivery of a controlled substance while on a public way within 1,000 feet of public housing property (720 ILCS 570/407(b)(2) (West 1998)) and two counts of the lesser-included offense of unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 1998)). The lesser charges were based on the same conduct as the greater charges, absent the location ele-

ment. Prior to the selection and empaneling of the jury, the State dismissed the lesser-included charges and the cause proceeded to trial on the greater offenses. After the State presented its case in chief, the defendant moved for a directed verdict. The trial court found that the evidence was insufficient on the location element and, therefore, refused to allow the greater charges to be considered by the jury. However, the trial court found that the evidence was sufficient to prove the lesser-included offense and allowed the State to amend its indictment, and the case was submitted to the jury on the lesser-included offenses. The defendant was subsequently convicted of the lesser-included offenses and sentenced to concurrent terms of five years' imprisonment.

The defendant appealed to the appellate court, claiming that his convictions violated the double jeopardy clauses of the United States and Illinois Constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10). The appellate court affirmed the defendant's convictions. 314 Ill. App. 3d 676. We allowed the defendant's petition for leave to appeal under Supreme Court Rule 315(a) (177 Ill. 2d R. 315(a)), and now affirm the appellate court.

## BACKGROUND

The record reveals that on September 3, 1998, the grand jury returned a four-count indictment against the defendant. Counts I and III of the indictment alleged that the defendant committed two separate incidents of "unlawful delivery of a controlled substance within 1,000 feet of residential property owned by a housing agency, in that he, while on the public way within 1,000 feet of property owned *** by the Quincy Housing Authority, a public housing agency, knowingly delivered to another *** less than 1 gram of a substance containing cocaine." See 720 ILCS 570/407(b)(2) (West 1998). A violation of section 407(b)(2) of the Illinois Controlled Substances

Act (the Act) (720 ILCS 570/407(b)(2) (West 1998)) is a Class 1 felony. Counts II and IV of the indictment alleged two counts of unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 1998)), based on the same conduct alleged in counts I and III without the location requirements. A violation of section 401(d) of the Act is a Class 2 felony. 720 ILCS 570/401(d) (West 1998).

Before selection of the jury, the State moved to dismiss counts II and IV of the indictment. As part of its motion, the State noted that, in the unlikely event the evidence failed to show that the transactions in question took place on the public way within 1,000 feet of housing authority property, it would request jury instructions on the lesser-included charges. The trial court noted that counts II and IV were lesser-included offenses based on the same events as counts I and III and were "alleged in alternative fashion." The trial court granted the State's motion to dismiss the lesser counts, and allowed the State to reconfigure the remaining counts as I and II. The cause then proceeded to the *voir dire* of the jury and eventually trial.

During the course of its case in chief, the State moved to amend count I of the indictment to allege the lesser-included offense by deleting the allegation " 'public way within 1,000 feet of Quincy Public Housing Authority.' " The prosecutor informed the court that Sharon Fields, the informant who had made the cocaine purchases from the defendant, had indicated during the recess that the first transaction had occurred inside a tavern on the block next to the public housing and not on a public sidewalk. The prosecutor further noted that she initially believed that the first transaction occurred on the sidewalk because police officers had told her that both transactions had occurred there and that it was only after speaking with Fields that she learned that only the second transaction had occurred on the sidewalk.

Defense counsel objected to the motion on the ground that the jury had already heard evidence, and that the issue of reducing the degree of the offense could be addressed after all the evidence was presented. The trial court denied the State's motion but noted that it would later decide whether the jury could be instructed on the lesser-included offense.

Sharon Fields then testified that while working as a police informant on July 20, 1998, she bought $50 worth of cocaine from the defendant at a tavern known as D&D Corral. She then left the tavern and met with police. She gave them the cocaine she had bought, and the police gave her another $50 to make a second purchase. She headed back toward the D&D Corral about 20 or 30 minutes after the first transaction. As she approached the tavern, she found the defendant standing on a public sidewalk, whereupon she bought another $50 worth of cocaine from him.

After the close of the State's case in chief, the defendant moved for a directed verdict on both counts of unlawful delivery within 1,000 feet of public housing, the Class 1 felonies. The defendant argued that the evidence was insufficient to establish that the cocaine sales took place within 1,000 feet of public housing.

The trial court took the matter under advisement, stating that it wanted to research the question of what was necessary to prove the distance element of the crime. The court noted that the State had presented general testimony that the delivery occurred within a block of public housing property and that the average city block is approximately 850 feet long. It further noted, however, that the State did not present any testimony as to the actual distance.

Following a recess, the State moved to amend the indictment by deleting the enhancing language pertaining to the location of the offenses. The defendant

objected, claiming that as a matter of strategy the State had chosen to dismiss the lesser counts. The trial court found that while the evidence was insufficient to prove that the offenses occurred within 1,000 feet of public housing, the State had clearly proved up a *prima facie* case for the Class 2, lesser-included offenses, which "could be decided by the jury." After further argument, the court ruled that the State would be allowed to amend the indictment to allege simple unlawful delivery of a controlled substance by deleting the language that had enhanced the offense to a Class 1 felony.

The defendant did not present any evidence, and the trial court submitted the case to the jury on the two lesser offenses of unlawful delivery of a controlled substance. The trial court advised the jury that the evidence was insufficient to establish the 1,000 feet distance element and, therefore, the case was being submitted on two lesser charges of delivery of a controlled substance.

Following deliberations, the jury returned guilty verdicts on both counts of unlawful delivery of a controlled substance, the lesser-included offenses. Upon the defendant's motion to reconsider, the trial court noted that it had not granted the defendant's motion for a directed verdict on the greater charges. Instead, it had merely ruled that the evidence was insufficient on those charges, and that it had discretion to allow the State to amend the indictment and to proceed on the lesser charges because there was no prejudice to the defendant.

The appellate court affirmed the defendant's convictions, holding that the trial court did not acquit the defendant of the two lesser felonies by finding the evidence in support of the greater felonies insufficient and, therefore, his convictions for the lesser-included offenses did not violate double jeopardy principles. 314 Ill. App. 3d at 681. The appellate court noted that a defendant may be convicted of a lesser-included offense not ex-

pressly included in the charging instrument. Therefore, it would be an injustice under the circumstances of this case to allow the defendant to be exonerated from all accountability simply because the State failed to prove an element of the greater offense. 314 Ill. App. 3d at 680. In reaching that conclusion, the court specifically declined to rely on the rationale of *People v. Laue*, 219 Ill. App. 3d 926 (1991), or the dissent in *People v. Brown*, 134 Ill. App. 3d 951 (1985), which both suggested that a defendant cannot be convicted of a lesser-included offense when evidence is insufficient to allow the greater offense to go to the jury and the lesser offense has not been expressly charged. We granted the defendant's petition for leave to appeal. 177 Ill. 2d R. 315.

## ANALYSIS

On appeal to this court, the defendant argues that the trial court violated constitutional and statutory prohibitions against double jeopardy when it allowed the State to proceed against him on the lesser-included offenses after the court had found that the evidence was insufficient to submit the case to the jury on the greater offenses of delivery of a controlled substance on the public way within 1,000 feet of public housing. The defendant maintains that the trial court's finding that the evidence was insufficient as to one of the elements of the greater offense was tantamount to an acquittal barring the State from initiating further proceedings relating to the elements of that offense. The defendant argues that because the lesser-included offense is considered the same offense for double jeopardy purposes, the trial court erred in allowing the State to amend the indictment and proceed on the lesser-included offenses of simple delivery following acquittal on the greater charges.

The fifth amendment of the United States Constitution states in relevant part: "[N]or shall any person be subject for the same offence to be twice put in jeopardy

of life or limb ***." U.S. Const., amend. V. The same principle is contained in the Illinois Constitution. Ill. Const. 1970, art. I, § 10; *People v. Cooper*, 194 Ill. 2d 419, 428-29 (2000). A verdict of not guilty, whether rendered by the jury or directed by the trial judge, shields the defendant from a retrial for the same offense. *Tibbs v. Florida*, 457 U.S. 31, 41, 72 L. Ed. 2d 652, 661, 102 S. Ct. 2211, 2218 (1982). The fundamental purpose embodied in the double jeopardy clause has been emphasized frequently. *People v. Deems*, 81 Ill. 2d 384, 388 (1980). The purpose has been stated as follows:

> " 'The underlying idea, one that is deeply ingrained in [our] system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' " *United States v. Scott*, 437 U.S. 82, 87, 57 L. Ed. 2d 65, 71-72, 98 S. Ct. 2187, 2192 (1978), quoting *Green v. United States*, 355 U.S. 184, 187-88, 2 L. Ed. 2d 199, 204, 78 S. Ct. 221, 223 (1957).

It also has been stated that the prohibition at the core of the clause's protections "prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction," because "[r]epeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance." *Tibbs*, 457 U.S. at 41, 72 L. Ed. 2d at 661, 102 S. Ct. at 2218.

The above-stated purpose of the double jeopardy clause has been effectuated through rules that specify when jeopardy attaches and that prohibit a retrial of an acquitted defendant. *Deems*, 81 Ill. 2d at 388. But those rules should not be applied mechanically when the interests they protect are not endangered and when their

mechanical application would frustrate society's interest in enforcing its criminal laws. *Deems*, 81 Ill. 2d at 388.

The defendant argues that the trial court's finding regarding the insufficiency of the evidence on the location element was tantamount to an acquittal, citing *Lee v. United States*, 432 U.S. 23, 53 L. Ed. 2d 80, 97 S. Ct. 2141 (1977). In *Lee*, the defendant was charged by information with a theft offense which required proof of a knowledge and intent element. After the close of the prosecution's case, the defendant moved for a judgment of acquittal on the ground that the prosecution had failed to prove the intent element. The trial court granted the motion and dismissed the charge because of the failure of the information to allege knowledge or intent. Thereafter, the prosecution again charged the defendant with theft, this time by indictment setting forth all of the required elements. The defendant was then tried and convicted of the offense.

In concluding that the defendant's second trial did not violate the double jeopardy clause, the Supreme Court in *Lee* stated that the critical question was whether the trial court's order contemplated an end to all prosecution of the defendant for the offense charged. *Lee*, 432 U.S. at 30, 53 L. Ed. 2d at 87, 97 S. Ct. at 2145. The Court noted that when the trial judge granted the motion to dismiss it was not premised on any notion that the defendant could never be prosecuted for the offense. Rather, it was granted in contemplation of further prosecution. *Lee*, 432 U.S. at 30-31, 53 L. Ed. 2d at 87, 97 S. Ct. at 2145-46. The Court in *Lee* also pointed out in a footnote that "a trial court's ruling in favor of the defendant is an acquittal only if it 'actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' " *Lee*, 432 U.S. at 30 n.8, 53 L. Ed. 2d at 87 n.8, 97 S. Ct. at 2145 n.8, quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 51 L. Ed. 2d 642, 651, 97 S. Ct. 1349, 1355 (1977).

We find that the rationale of *Lee* is actually more supportive of the State's case than the defendant's. Assuming for the sake of argument that the defendant is correct in his assertion that the trial court's finding with respect to the insufficiency of the evidence amounted to an acquittal in this case of the greater charge, it does not follow that the defendant was thereby acquitted of the lesser charges. In fact, the exact opposite was intended by the trial court's ruling. Here, the trial court found that the State had made out a *prima facie* case with respect to the lesser charges. *Lee* did not address the issue of whether an acquittal of a greater offense after the close of the prosecution's case barred the submission of a lesser-included offense to a jury. But as the *Lee* Court observed, the critical question is whether the trial court's order contemplates an end to all prosecution. In the present case, the trial court clearly did not intend an end to all prosecution because it never did grant the defendant's motion for a directed verdict, but instead it allowed the State to amend the indictment and present the case to the jury on the lesser charges. Under these facts, we conclude that *Lee* is more supportive of the State's position that the double jeopardy clause was not violated in this case.

In support of his proposition that the State could not amend the indictment and was barred from proceeding to submit the case on the lesser charges once the trial court found the evidence insufficient on the greater offense, the defendant relies on *People v. Mink*, 141 Ill. 2d 163 (1990), and *People v. Harrison*, 395 Ill. 463 (1946). In *Mink*, the defendant was convicted of two drug offenses. He then he filed a post-trial motion for a new trial alleging that the State had failed to introduce sufficient evidence of venue. The trial court granted the defendant's motion for a new trial, but upon the State's subsequent motion for reconsideration, the court vacated its new

trial order and reinstated the defendant's convictions. The appellate court reversed, holding that the trial court's initial ruling on the post-trial motion was an acquittal and that double jeopardy principles barred the trial court from reconsidering the order. *Mink*, 141 Ill. 2d at 174. This court reversed the appellate court and held that the trial court did not violate double jeopardy principles when it reversed the new trial order and reinstated the convictions. *Mink*, 141 Ill. 2d at 180. The court stated that the double jeopardy clause prohibited the State from trying the defendant again for the same offense, but the defendant was never actually subjected to a second trial. *Mink*, 141 Ill. 2d at 174.

In *Harrison*, the defendant was indicted for the offense of assault with a deadly weapon, with the intent to murder the victim. The defendant was tried on that charge and found not guilty. Thereafter, the victim died, and the defendant was then indicted and tried on the charge of murder. This court held that the double jeopardy clause did not bar the defendant's prosecution for murder because the crime of murder was not completed until after the victim died following the first trial. *Harrison*, 395 Ill. at 472-73. The *Harrison* court also distinguished the factual setting before it from the situation where "the acquittal of a defendant on an indictment for an offense which includes lesser offenses, operates also as an acquittal, and as a bar to any subsequent prosecution, of all included lesser offenses of which he might have been convicted on the indictment charging the higher offense." *Harrison*, 395 Ill. at 466. The court noted that in the case before it, the defendant was acquitted of the lesser offense, not the greater; therefore, the caution about a conviction for a higher offense did not apply. *Harrison*, 395 Ill. at 472-73.

We do not find either *Mink* or *Harrison* to be on point. Neither case, of course, addressed the precise issue

here, which is whether a trial court may allow the State to continue its prosecution of the defendant and submit the case to the jury on lesser charges where the court simultaneously concludes in a single prosecution that the evidence is insufficient on the greater but sufficient as to the lesser. We read the language from *Mink* and *Harrison*, upon which the defendant relies, as being confined in application to those cases in which the core purpose of the double jeopardy clause is violated. In contrast, a ruling in the present case barring the lesser offenses on double jeopardy grounds would not serve any purpose of the clause. The State did not seek to hone its trial strategies and perfect its evidence by making any repeat attempt to convict the defendant. Instead, the State had already rested its case when the court ruled that the evidence was sufficient to present the lesser offense to the jury, but insufficient with respect to the greater. Thereafter, neither the State nor the defendant presented any further evidence in the case before it was submitted to the jury on the lesser charges.

It is now well established that although a person cannot be convicted of an offense he has not been charged with committing, a defendant may be convicted of an offense not expressly included in the charging instrument if that offense is a lesser-included offense of the crime expressly charged. *People v. Novak*, 163 Ill. 2d 93, 105 (1994); *People v. Jones*, 149 Ill. 2d 288, 292 (1992). It is elementary that it is unnecessary to allege a lesser-included offense in an indictment charging an offense of a greater degree when, in order to convict on the greater charge, the prosecution must prove every element necessary for a conviction on the lesser charge. *People v. Ostrand*, 35 Ill. 2d 520, 530 (1966). In such a case, if the charging instrument specifically charges the greater offense, while also sufficiently alleging the conduct and mental states required for the lesser offense, the defen-

dant is considered to be charged by implication with the lesser crime. *People v. Jones*, 149 Ill. 2d 288, 295-98 (1992).

Additionally, the trial court has the right to instruct the jury *sua sponte* on a lesser-included offense, even where the State does not request such an instruction and the defendant objects. *People v. Garcia*, 188 Ill. 2d 265, 282 (1999). This is because the State clearly " 'has no legitimate interest in obtaining a conviction for a crime greater than that warranted by the evidence, *but neither does the defendant have a right to an acquittal when the evidence, although not sufficient to establish the greater crime, is sufficient to establish a lesser included offense.*' " (Emphasis added.) *Garcia*, 188 Ill. 2d at 282, quoting *State v. Howell*, 649 P.2d 91, 95 (Utah 1982), citing *People v. Taylor*, 36 Ill. 2d 483 (1967).

Applying the above-mentioned principles, we reject the defendant's argument that the trial court erred in allowing amendment of the indictment and the submission of the lesser charges to the jury. We believe that it would be illogical not to allow a trial judge presiding over a jury trial to ultimately submit a lesser-included offense to the jury under the present circumstances. The State's request to dismiss the lesser charges prior to jeopardy attaching in this case was of no import, as the defendant did not actually need to be charged with the lesser offense in order to be convicted of it. The charging instrument provided both the defendant and the State with a closed set of facts, and both parties had notice of all possible lesser-included offenses and could plan their trial strategies accordingly. See *Novak*, 163 Ill. 2d at 113.

Amendments to indictments are allowed where the defect is a matter of form. *People v. Griggs*, 152 Ill. 2d 1, 32 (1992). An indictment may be amended on a motion by the State at any time because of formal defects including "[t]he use of alternative or disjunctive allegations as

to the acts, means, intents or results charged." 725 ILCS 5/111—5(f) (West 1998). Generally, any attempt to broaden the scope of the indictment requires return of the indictment to the grand jury. *Griggs*, 152 Ill. 2d at 32. Here, however, the indictment for the greater offense effectively indicted the defendant for the lesser-included offense and, therefore, the trial court did not err in allowing the State's amendment.

There is no merit to the defendant's contention that the State made a strategic decision to "go for a home run" when it initially dismissed the lesser offenses. The State specifically informed the court and defense counsel that it would seek to have the case submitted to the jury on the lesser charges if it looked as though there would be a failure of proof as to the greater charges. In fact, the State sought leave to amend the indictment by deleting the location element when it first became aware during a recess in its case in chief that the drug sale described in count I occurred inside the tavern and not on the public sidewalk. Under these circumstances, the defendant did not suffer any prejudice and was not unfairly surprised when he was convicted of two offenses of simple delivery of a controlled substance.

The statutory law cited by the defendant is not controlling. The defendant relies upon sections 3—3(b), 3—4(a)(1), and 3—4(b) of the Criminal Code of 1961 (the Code) (720 ILCS 5/3—3(b), 3—4(a)(1), (b) (West 1998)) and section 115—4(k) of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—4(k) (West 1998)). Section 3—3(b) of the Code provides in part that if "several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution *** if they are based on the same act." 720 ILCS 5/3—3(b) (West 1998). Sections 3—4(a)(1) and (b)(1) provide in relevant part:

"(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:

    (1) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction[.]

* * *

(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

    (1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution * * *." 720 ILCS 5/3—4(a)(1), (b)(1) (West 1998).

The defendant's reliance upon the above-quoted statutory provisions is misplaced. *Novak, Jones,* and *Ostrand* make clear that it is unnecessary and superfluous to allege a lesser-included offense in an indictment charging an offense of a higher degree. See *Novak,* 163 Ill. 2d at 105; *Jones,* 149 Ill. 2d at 296-98; *Ostrand,* 35 Ill. 2d at 530. Moreover, both charges in this case were prosecuted in a single prosecution, as required by section 3—3(b) of the Code. The defendant's theory ignores the definition of "prosecution" set forth in section 2—16 of the Code (720 ILCS 5/2—16 (West 1998)). For purposes of the statute, " '[p]rosecution' means all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." 720 ILCS 5/2—16 (West 1998). In the present case, the defendant was subjected to a single prosecution, and we find no violation of these statutory provisions. For that reason, the defendant's citations to *People v. Mullenhoff,* 33 Ill. 2d 445 (1965), and *People v. Lewis,* 112 Ill. App. 3d 626 (1983), are un-

persuasive. Both cases involved multiple prosecutions against the defendant for the same conduct, and therefore are not applicable.

Likewise, the defendant's reliance on section 115—4(k) of the Code of Criminal Procedure of 1963 is unavailing. That section provides:

> "When, at the close of the State's evidence or at the close of all of the evidence, the evidence is insufficient to support a finding or verdict of guilty the court may and on motion of the defendant shall make a finding or direct the jury to return a verdict of not guilty, enter a judgment of acquittal and discharge the defendant." 725 ILCS 5/115—4(k) (West 1998).

Again, the defendant's reliance on this section ignores the reality that the indictment charged the lesser offenses by implication. The statute does not mandate that the trial court discharge the defendant when it finds that the evidence is insufficient on the greater offense but sufficient with respect to the lesser offense. It makes no difference that a defendant is charged by implication with the lesser offense until an amendment to the charging instrument is allowed. The defendant's interpretation of the statute would lead to an absurd result and would be contrary to important policy considerations, such as society's interest in avoiding the unjustified exoneration of wrongdoers and in punishing a defendant only to the extent of the actual crime committed. As this court has observed,

> "A lesser included offense is a valuable tool for a defendant, a prosecutor, and society generally. For a defendant, [it] provides an important third option to the jury. If the jury believes that defendant was guilty of something, but uncertain whether the charged offense had been proved, it might convict defendant of the lesser offense, rather than convict or acquit him of the greater offense. [Citation.]
>
> For a prosecutor, a defendant may not automatically go free if the evidence fails to prove an essential element of the greater offense. For society, the punishment that it

imposes on a criminal may conform more accurately to the crime actually committed." *Novak*, 163 Ill. 2d at 105. "[I]t is *** appropriate that the trial court take into consideration society's interest in punishing the defendant for a crime, no more, no less, than the crime actually committed. The trial judge must transcend the limitations of the adversarial system and give instructions which safeguard justice, society's interest in avoiding the unjustified exoneration of wrongdoers and in punishing a defendant only to the extent of his crime." *Garcia*, 188 Ill. 2d at 281.

The defendant additionally relies upon our recent decision in *People v. Cooper*, 194 Ill. 2d 419 (2000), to support his argument. However, *Cooper* is readily distinguishable. There, the defendants in a joint bench trial were convicted of first degree murder based on an accountability theory (see 720 ILCS 5/9—1(a)(2) (West 1994)). The appellate court reversed the first degree murder convictions based on the insufficiency of the evidence but remanded the causes to the trial court for a determination of whether the defendants were prejudiced in their defense by the State's failure to include a charge of felony murder in the indictments. The appellate court ordered that if the defendants were not prejudiced, the trial court could then consider whether the State sufficiently proved the defendants guilty of felony murder. *Cooper*, 194 Ill. 2d at 421. On review to this court, we concluded that the double jeopardy clause precluded a second trial once the appellate court had found the evidence legally insufficient because first degree murder is considered "one crime" regardless of the theory on which it was prosecuted, and because the trial court specifically refused to consider felony murder, even though that decision may have been erroneous. *Cooper*, 194 Ill. 2d at 430.

Unlike the present case, *Cooper* did not involve a question of whether a lesser-included offense not expressly charged by an indictment would be barred by double jeopardy principles. However, we note that state and federal appellate courts have long exercised the

power to reverse a conviction while at the same time ordering the entry of a judgment on a lesser-included offense. *Dickenson v. Israel*, 482 F. Supp. 1223, 1225 (E.D. Wis. 1980), *aff'd*, 644 F.2d 308 (7th Cir. 1981) (the Seventh Circuit adopted the opinion of the district court in its entirety); see also, *e.g.*, *People v. Williams*, 267 Ill. App. 3d 870, 879-80 (1994) (where appellate court found that the evidence was insufficient to prove the only charged offense, the defendant could be convicted of an offense not expressly charged by the charging instrument if the offense was a lesser-included offense, and because the evidence proved the lesser charge, it was authorized pursuant to Supreme Court Rule 615(b)(3) to reduce the degree of the offense). The authority to order the entry of judgment on the lesser-included offense is both statutory and based on the common law; the constitutionality of the practice has never been seriously questioned. *Dickenson*, 482 F. Supp. at 1225.

In *State v. Dickenson*, the Wisconsin Supreme Court held that the evidence presented against the defendant was insufficient to support his armed robbery conviction, but sufficient to support a conviction for the lesser included offense of simple robbery. *State v. Dickenson*, 75 Wis. 2d 47, 50-51, 248 N.W.2d 447, 449-50 (1977). Therefore, the court remanded the cause to the trial court to enter judgment for a robbery conviction. *Dickenson*, 75 Wis. 2d at 52, 248 N.W.2d at 450.

Thereafter, the defendant in *Dickenson* argued before the Court of Appeals, Seventh Circuit, that under the rationale set forth in *Burks v. United States*, 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141 (1978), his subsequent conviction for simple robbery was barred by double jeopardy. *Burks* had held that where an appeals court overturns a conviction on a ground that the prosecution proffered insufficient evidence of guilt, that finding is comparable to an acquittal, and the double jeopardy clause precludes

a second trial. *Burks*, 437 U.S. at 16, 57 L. Ed. 2d at 12-13, 98 S. Ct. at 2149-50. The opinion of the district court, adopted by the Seventh Circuit, distinguished *Burks*, noting that the evidence in *Burks* was insufficient to prove that the defendant was sane at the time of the robbery. *Dickenson*, 482 F. Supp. at 1226. Absent a showing of sanity, the defendant could not be convicted of the crime charged or any other crime. *Dickenson*, 482 F. Supp. at 1226. The district court noted that if the trial court in *Burks* had made the correct determination that the evidence of sanity was insufficient, it would have had no choice but to enter a directed verdict of acquittal in favor of the defendant. Thus, the supreme court's ruling merely put the defendant in the position he would have been in absent the trial court's error. *Dickenson*, 482 F. Supp. at 1226. The district court concluded by stating:

> "[H]owever, if the trial court [in defendant Dickenson's case] had been correct in the first instance and ruled that there was insufficient evidence for the jury to find that [defendant] was armed at the time of the robbery, there would have been no directed verdict of acquittal. Instead, the jury would have been instructed only on the charge of simple robbery. *** Accordingly, when the Wisconsin Supreme Court corrected the trial court's error and ordered that judgment be entered on the robbery charge, it placed [defendant] in precisely the same position that he would have been in had the error never occurred. *Burks* does not require more than that." *Dickenson*, 482 F. Supp. at 1226.

Similarly, we find that because the trial court found that the evidence was insufficient with respect to the greater charge, but was sufficient with respect to the lesser charge, it could properly refuse to enter a directed verdict and instead instruct the jury on the lesser charge of simple unlawful delivery of a controlled substance. The defendant certainly was not placed in a worse position by the procedure employed in this case than he would have been if the trial judge had mistakenly allowed the greater charge to go to the jury with a result-

ing reversal and reduction in the degree of the offense by a reviewing court. Both practices are permissible under the double jeopardy clause.

## CONCLUSION

For the foregoing reasons, we hold that the trial court properly allowed the State to amend the indictment and submit the case to the jury on the two lesser-included offenses of unlawful delivery of a controlled substance. Accordingly, we affirm the judgment of the appellate court.

*Affirmed.*

CHIEF JUSTICE HARRISON, dissenting:

When the State originally sought and obtained dismissal of the lesser offenses, it clearly hoped that doing so would improve its chances of persuading the jury to return guilty verdicts for the more serious crimes. What the State failed to realize was that its strategy turned on proof that it could not provide.

At the close of the State's case, the circuit court determined that the State had failed to establish the elements necessary to convict defendant of the more serious offenses. It therefore refused to allow the counts charging those offenses to be considered by the jury. That action constituted a directed verdict with respect to the more serious offenses. Because the directed verdict was based on the insufficiency of the evidence, it constituted an acquittal for double jeopardy purposes. *People v. Williams*, 188 Ill. 2d 293, 300 (1999).

Where, as here, a defendant has been acquitted of an offense and no other charges are pending when the acquittal is granted, the State may not file additional charges against the defendant based on the same physical act. If the State wishes to pursue prosecution of a lesser-included offense, it must proceed on both offenses simultaneously. If it does not, prosecution of the additional offense will be barred by the acquittal for the

greater offense. See *People v. Laue,* 219 Ill. App. 3d 926, 930 (1991); 720 ILCS 5/3—3(b), 3—4(b) (West 1998).

Our decision in *People v. Mullenhoff,* 33 Ill. 2d 445 (1965) supports this conclusion. In that case the defendant was charged with attempted deviate sexual assault. At the conclusion of the State's case, the defendant moved for a finding of not guilty. When the court granted that motion, the State immediately indicted the defendant for the crime of attempted rape based on the same incident, and defendant was convicted of that offense based on the same evidence. This court reversed. It held that because the offenses were based on the identical conduct of the defendant and because the conduct was known to the prosecuting officer at the commencement of the initial prosecution, the prosecutor was required either to elect the charge on which he wanted to proceed or to proceed on both charges in the same prosecution. He could not raise the charges *seriatim*. Accordingly, defendant's acquittal on the initial offense precluded the prosecutor from obtaining a conviction for the subsequently filed offense. *Mullenhoff,* 33 Ill. 2d at 449.

Nothing in *People v. Garcia,* 188 Ill. 2d 265 (1999), cited by the majority, suggests that we should reach a contrary conclusion here. *Garcia* concerned a trial court's right to *sua sponte* instruct on a lesser-included offense despite objection by the defendant. In contrast to the present case, *Garcia* did not involve a situation where the State formally dismissed the lesser offenses, then attempted to resuscitate them after the prosecution failed and the defendant was acquitted of the greater offenses based on the insufficiency of the evidence.

*Lee v. United States,* 432 U.S. 23, 53 L. Ed. 2d 80, 97 S. Ct. 2141 (1977), also cited by the majority, is likewise inapposite. At issue there was the government's right to retry the defendant following dismissal of the original charge for failure to allege a necessary element of the of-

fense. There was no question as to the sufficiency of the evidence. The defendant there was not acquitted for lack of evidence, as this defendant was, and the government did not attempt to obtain a conviction for a lesser-included offense after failing to secure a conviction for a greater offense, as the State did in this case.

Other cases cited by the majority are similarly distinguishable. *People v. Novak*, 163 Ill. 2d 93 (1994), for example, concerned the wholly unrelated issue of a trial court's refusal of a lesser-included offense instruction tendered by the defendant. *People v. Griggs*, 152 Ill. 2d 1 (1992), addressed the amendment of an indictment on the day of trial to cure a formal defect, a problem not presented by this case. At issue in *People v. Deems*, 81 Ill. 2d 384 (1980), was the effect of a purported acquittal granted by the trial court following proceedings which involved no evidence, were not an attempt by the State to convict defendant, and amounted to a "sham." Needless to say, none of those circumstances was present here. The trial in this case was a contested adversarial proceeding in which the State adduced evidence in a diligent effort to obtain defendant's conviction.

My colleagues suggest that there was no harm in allowing the State to prosecute defendant for the lesser offenses following his acquittal of the greater offenses because the lesser-included offenses were actually included in the prosecution for the greater offenses and were charged in the indictment by implication. They forget, however, that the State expressly dismissed the lesser-included offenses before proceeding before the jury on the greater offenses. Once the charges were expressly dismissed, no possible claim could be made that the State still intended to pursue them by implication. The very idea defies reason. '

My colleagues' reliance on Supreme Court Rule 615(b)(3) (134 Ill. 2d R. 615(b)(3)) is also ill-conceived.

Where a court of review determines that the evidence presented at trial was insufficient to support a conviction for the offense for which the defendant was found guilty, but that it was sufficient to support a conviction for a lesser-included offense, Rule 615(b)(3) allows the court to reduce the conviction to the lesser-included offense. See *People v. Boyer*, 138 Ill. App. 3d 16, 19 (1985). For this provision to apply, however, the defendant must actually have been convicted of the greater offense. Where the defendant has been acquitted of that offense, as this defendant was, Rule 615(b)(3) is inapplicable, and the State may not subsequently prosecute the defendant for any of the lesser offenses. See *People v. Reagan*, 111 Ill. App. 3d 945, 952 (1982), *aff'd*, 99 Ill. 2d 238 (1983).

There is only one reason we are here today, and that is because the State misunderstood what its own evidence would show. Unlike my colleagues, I do not believe we should compromise basic constitutional and statutory principles to save the State from its error. If the State is made to bear the consequences of its lapse in trial preparation, perhaps it will learn to be more diligent in the future. There is nothing to be gained by fabricating legal justifications for the State's errors. Once we begin sacrificing legal guarantees in the interest of shoring up the State's position, we may quickly find that those guarantees have slipped so far beyond our grasp that we are unable to retrieve them.

Defendant's convictions for the lesser-included offenses should be reversed. I therefore dissent.