Docket No. 92937–Agenda 20–September 2002.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN BELK, Appellee.

Opinion filed January 24, 2003.

JUSTICE RARICK delivered the opinion of the court:

The sole issue in this case is whether aggravated possession of a stolen motor vehicle can be considered to be a forcible felony for purposes of the felony-murder rule. The defendant, John Belk, stole a van and, while being pursued by police at a high rate of speed, crashed into another vehicle, killing both occupants. Following a bench trial in the circuit court of Cook County, Belk was convicted of two counts of felony murder and one count of aggravated possession of a stolen motor vehicle. The appellate court reversed, holding that the felony-murder statute was not intended to apply in situations where the defendant’s conduct was only reckless. 326 Ill. App. 3d 290. We granted the State’s petition for leave to appeal. 177 Ill. 2d R. 315. For the reasons that follow, we now affirm the judgment of the appellate court.

The relevant facts are as follows. On the evening of May 14, 1998, Belk, age 16, and another person broke into a van and stole it. Residents in a nearby apartment complex heard the sound of breaking glass and observed two men breaking into the van and called police. Sergeant Craig Kincaid of the Blue Island police department was on duty that night. Upon receiving a radio dispatch regarding an automobile theft in progress and a description of the vehicle, Kincaid activated his emergency lights and siren on his patrol vehicle and drove toward the location of the crime.

As Kincaid was approaching the intersection of 127th Street and Vincennes, he observed a van matching the description of the stolen vehicle heading towards him. Kincaid made a U-turn and, with his lights and siren still activated, began pursuing the van. The van continued west on 127th Street at about 60 miles per hour for one block, then made a sharp right turn into a Walgreen’s parking lot. The van sped through the pharmacy drive-through lane, around the Walgreen’s building, then proceeded north on Western Avenue.

Once on Western Avenue and with police still in pursuit, the van increased its speed. As it approached 115th Street, the van was traveling at over 100 miles per hour. The posted speed limit in that area was 30 miles per hour. This section of Western Avenue had numerous restaurants and other establishments that were still open for business. Kincaid testified that there was other vehicular traffic present on Western Avenue and that there were pedestrians on the sidewalk. The other vehicles were pulling over to the side of the road and the van was passing them.

At the intersection of 111th Street and Western Avenue, the van crashed into the rear of the victims’ car, propelling it 375 feet from the point of impact. The victims, Tom and Joanna Peragine, died as a result of injuries sustained in the crash.

The van flipped over and landed 330 feet from the point of impact, where it caught fire. Belk crawled out of the van and attempted to flee on foot, but was tackled by a police officer. Belk began kicking the officer, but the officer subdued him and placed him under arrest. Belk was taken to the emergency room of a nearby hospital for treatment of his injuries. While there, a toxicology test was performed. The test revealed that Belk’s blood-alcohol level was 0.19.

The trial court found Belk guilty beyond a reasonable doubt of two counts of felony murder and one count of aggravated possession of a stolen motor vehicle, determining that Belk’s commission of the felony of aggravated possession of a stolen motor vehicle proximately caused the death of the victims. The court sentenced Belk to a term of natural life.

Belk appealed, arguing that because aggravated possession of a stolen motor vehicle was not an enumerated forcible felony under the felony-murder statute or a forcible felony threatening violence against individuals, his conviction should be reduced to reckless homicide. The appellate court agreed, holding that the evidence presented at trial demonstrated that while Belk acted recklessly, his actions did not fall within the purview of the felony-murder statute. Specifically, the appellate court held that the evidence did not support an inference that Belk contemplated violence or acted intentionally when his vehicle struck that of the victims, or that he intended to kill or cause great bodily harm to anyone who got in his way. The appellate court concluded that while the evidence clearly demonstrated that Belk was determined to elude capture and that he drove the van in a reckless manner, it did not show that he intended to kill anyone during the course of his attempt to escape. The appellate court reduced Belk’s conviction to reckless homicide, vacated his sentence of natural life, and remanded the cause for resentencing.

On appeal, the State argues that the appellate court erred in holding that the felony-murder rule did not apply because Belk’s conduct was merely reckless and he did not intend to kill the victims. The State contends that the felony-murder rule does not require an intent to kill and that an intent to kill is irrelevant to the determination of whether a felony qualifies as a forcible felony.

The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. 
People v. Richardson
, 196 Ill. 2d 225, 228 (2001). Legislative intent is best ascertained by examining the language of the statute itself. 
People v. Robinson
, 172 Ill. 2d 452, 457 (1996). Where the language is clear and unambiguous, there is no need to resort to aids of statutory construction. 
People v. Pullen
, 192 Ill. 2d 36, 42 (2000). Because the construction of a statute is a question of law, review is 
de novo
. 
Richardson
, 196 Ill. 2d at 228.

Aggravated possession of a stolen motor vehicle is a Class 1 felony and occurs when “a person *** who is the driver or operator of a vehicle and is not entitled to the possession of that vehicle and who knows the vehicle is stolen or converted *** who has been given a signal by a peace officer directing him to bring the vehicle to a stop, to willfully fail or refuse to obey such direction, increase his speed, extinguish his lights or otherwise flee or attempt to elude the officer.” 625 ILCS 5/4–103.2(a)(7) (West 1996). Belk does not dispute that he was guilty of this offense.

Section 9–1(a)(3) of the Criminal Code of 1961 (Code) provides that “[a] person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death *** he is attempting or committing a forcible felony other that second degree murder.” 720 ILCS 5/9–1(a)(3) (West 1996). Under the felony-murder statute, a felon is responsible for the direct and foreseeable consequences of his actions. 
People v. Lowery
, 178 Ill. 2d 462, 470 (1997). The purpose behind the felony-murder statute is to limit the violence that accompanies the commission of forcible felonies, so that anyone engaged in such violence will be automatically subject to a murder prosecution should someone be killed during the commission of a forcible felony. 
People v. Shaw
, 186 Ill. 2d 301, 322 (1998), citing 
People v. Dennis
, 181 Ill. 2d 87, 105 (1998).

Section 2–8 of the Code defines “[f]orcible felony” as “treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement and 
any other felony which involves the use or threat of physical force or violence against any individual.
” (Emphasis added.) 720 ILCS 5/2–8 (West 1996).

Because aggravated possession of a stolen motor vehicle is not one of the felonies specifically enumerated in section 2–8, the question becomes whether, under the facts of this case, Belk’s aggravated possession of a stolen motor vehicle involved the use or threat of physical force or violence against any individual.

In 
People v. Golson
, 32 Ill. 2d 398 (1965), we held that nonviolent felonies could serve as the predicate offense for felony murder. In 
Golson
, the defendants purchased a gun and set out to steal from automobiles. Unable to find any automobiles from which to steal, they stole two mail sacks from a loading dock. Shortly after leaving the dock, the defendants were stopped by two postal inspectors, whom they shot and killed.

On appeal, the defendants argued, 
inter alia
, that the felony- murder doctrine applied only in cases where the conspirators had conspired to commit a forcible felony, which by its nature is dangerous to human life, and that their theft by stealth of two mail sacks was a nonforcible felony that would not ordinarily involve any danger to human life. We rejected the defendants’ argument, holding that “the test to be applied in determining whether the felony-murder doctrine is applicable is not whether the felony is normally classified as non-violent, but is whether, under the facts of a particular case, 
it is contemplated that violence might be necessary 
to enable the conspirators to carry out their common purpose.” (Emphasis added.) 
Golson
, 32 Ill. 2d at 407-08. After examining the record, we concluded that there was “sufficient evidence from which the jury could infer that the conspirators intended to forcibly resist any attempt to arrest them, either during the course of the crime or in an attempt to escape from the scene. Such a plan comes within the doctrine of felony-murder, since it was contemplated that violence might be necessary to enable the conspirators to carry out their common purpose.” 
Golson
, 32 Ill. 2d at 408-09.

In reaching our decision in 
Golson
, we relied upon our previous decision in 
People v. Bongiorno
, 358 Ill. 171 (1934). In 
Bongiorno
, the defendants were in the process of committing an armed robbery when a police officer entered. The defendant’s companion escaped out a window, but the defendant was caught and arrested. As the defendant was being escorted down a hallway, his companion shot the officer in the back. On appeal, the defendant argued that he was not guilty of murder because approximately five minutes had elapsed after the robbery had been completed and because the evidence did not show a previous plan or design to kill. We upheld the murder conviction, reasoning that the uncontradicted evidence demonstrated that the defendants planned to commit robbery by using a deadly weapon to intimidate the victims and to escape with the proceeds. We noted that “[a] plan to commit robbery would be futile if it did not comprehend an escape with the proceeds of the crime. These factual circumstances are inseparable. Unless the plan of robbery is to terrify the victim, and, if occasion requires, to kill any person attempting to apprehend them at the time of or immediately upon gaining possession of the property, it would be inane and child-like.” 
Bongiorno
, 358 Ill. at 174.

In 
Bongiorno
, we affirmed the defendant’s conviction for murder because the facts demonstrated that perpetrators’ plan to commit robbery contemplated an escape with the proceeds and the use of deadly force against anyone attempting to apprehend them. Relying on 
Bongiorno
, we held in 
Golson
 that the evidence supported the inference that the perpetrators intended to forcibly resist any attempt to arrest them, either during the course of the crime or in an attempt to escape the scene. Because the evidence demonstrated that they contemplated that the use of force or violence against an individual might be necessary, the theft by stealth of the mail sacks was a forcible felony for purposes of the felony-murder statute. 
Golson
, 32 Ill. 2d at 408-09.

The question before us, then, is whether, under the particular facts of this case, there is any evidence which would give rise to an inference that at some point during his attempt to elude the police, Belk contemplated that escape might involve the use of force or violence against an individual. After reviewing the record, we conclude that there is not. The evidence shows that Belk was intoxicated, that he stole a van, and that in an attempt to elude capture, he drove at an excessive rate of speed through an area where he was likely to encounter other vehicular or pedestrian traffic. While this evidence would support an inference that Belk acted recklessly and contemplated that in attempting to elude police he was likely to cause death or great bodily harm, an inference that clearly supports a conviction for reckless homicide pursuant to section 9–3 of the Code (720 ILCS 5/9–3 (West 1996)), it does not support an inference that Belk contemplated that the use of force or violence against an individual might be 
necessary
 in order for him to accomplish his escape.

The crucial distinction between the present case and 
Bongiorno
 and 
Golson
 is that, in those cases, the surrounding circumstances, particularly the fact that the perpetrators were armed, gave rise to an inference that the perpetrators intended to use force to escape. This necessarily implies that they contemplated that the use of force or violence against an individual might be involved and that they were 
willing
 to use such force or violence in order to make their escape. It is the contemplation that force or violence against an individual might be involved combined with the implied willingness to use force or violence against an individual that makes a felony a forcible felony under the residual category of section 2–8.

In the present case, there is no evidence that either Belk or his accomplice was armed, and no evidence that they contemplated and were willing to use force or violence against an individual to make their escape. While it is true that a vehicle can be used as a deadly weapon (see 
People v. Crocket
, 13 Ill. App. 2d 255 (1957) (abstract of op.)), there is no evidence in this case that Belk contemplated using the van in such manner. Although Officer Kincaid testified that there were pedestrians on the sidewalk, there is no evidence that Belk contemplated that striking a pedestrian with the van might be necessary to elude police. Likewise, there is no evidence that Belk contemplated that striking another vehicle might be necessary to accomplish his escape. Indeed, as can be seen from the present case, a high-speed collision with another vehicle would not only impede an escape attempt, it would present a serious risk of death or bodily injury to the perpetrator.

In support of its argument that aggravated possession of a stolen motor vehicle should be considered a forcible felony under the circumstances of this case, the State cites 
People v. Stevens
, 324 Ill. App. 3d 1084 (2001), and 
People v. Thomas
, 266 Ill. App. 3d 914 (1994). In those cases, the defendants were fleeing police in stolen motor vehicles when they were involved in accidents which resulted in the victims’ deaths. The defendants were convicted of first degree murder pursuant to section 9–1(a)(2) of the Code, which provides that a person commits first degree murder when he knows that his actions created a strong probability of death or great bodily harm. 720 ILCS 5/9–1(a)(2) (West 2000). The appellate court upheld the convictions in those cases, finding that a jury could have concluded from the evidence that the defendants knew that their actions created a strong probability of death or great bodily harm. These cases are inapposite. While a defendant’s knowledge that his actions create a strong probability of death or great bodily harm is sufficient to support a conviction for first degree murder under section 9–1(a)(2) of the Code, a defendant’s knowledge that his actions 
might
 involve the threat or use of force or violence against an individual is not sufficient, under 
Golson
, to make a felony a forcible felony under section 2–8.

As noted above, the State argues that the appellate court erroneously held that Belk was not guilty of felony murder because the evidence did not support an inference that it was Belk’s intent to kill or cause great bodily harm. While we do not interpret the appellate court’s opinion as requiring evidence of an intent to kill in order to sustain a felony-murder conviction, other courts have done so (see 
People v. McCarty
, 329 Ill. App. 3d 969 (2002)) and the 
dicta 
therein could easily give rise to such misunderstanding. We therefore wish to reemphasize that whether the perpetrator intended to kill the victim is irrelevant for purposes of the felony-murder statute. 
Shaw
, 186 Ill. 2d at 322.

In sum, we hold that under the facts of this case, aggravated possession of a stolen motor vehicle is not a forcible felony for purposes of the felony-murder statute because the evidence does not support an inference that Belk contemplated that the use of force or violence against an individual might be involved in attempting to elude police.

The judgment of the appellate court is affirmed.

Appellate court judgment affirmed.