SECOND DIVISION
May 20, 2008

No. 1-05-4085

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the<br>) Circuit Court of<br>) Cook County |
| Plaintiff-Appellee, | ) |
| v. | ) |
| | ) Honorable |
| RONALD ROSENTHAL, | ) Marcus R. Salone, |
| | ) Judge Presiding. |
| Defendant-Appellant. | ) |
| | ) |

JUSTICE KARNEZIS delivered the opinion of the court.

Defendant Ronald Rosenthal was convicted of felony murder predicated on aggravated battery with a firearm (720 ILCS 5/9-1(a)(3) (West 2000)) and was sentenced to 45 years' imprisonment. On appeal, defendant argues: (1) his conviction should be reversed because the State failed to prove an independent felonious purpose for the aggravated battery with a firearm; (2) the trial court erred in denying defendant's motion to dismiss the indictment; (3) the jury was given an erroneous instruction; (4)

the trial court improperly allowed the State to present prejudicial evidence of defendant's prior bad acts; (5) the trial court abused its discretion when it found that a potential witness had a valid fifth amendment right against self-incrimination; and (6) the State repeatedly misstated the evidence in closing argument. We reverse defendant's conviction.

BACKGROUND

Defendant was initially charged with 12 counts of first degree murder, three counts of attempt first degree murder, one count of aggravated battery with a firearm and two counts of aggravated battery. These charges arose from the shooting death of Sherman Mays and the wounding of Tanya Griffin. Prior to trial, the State nol-prossed all counts except count VIII, which was felony murder predicated on aggravated battery with a firearm.

Count VIII alleged that defendant "shot and killed Sherman Mays with a firearm during the commission of a forcible felony, to wit: aggravated battery with a firearm, and during the commission of the offense of first degree murder, Ronald Rosenthal personally discharged a firearm that proximately caused death, in violation of Chapter 720 Act 5 Section 9-1(a)(3) of the Illinois Complied Statues 1992."

Prior to trial, defense counsel moved to dismiss the felony murder count arguing that because the shooting of Mays and Griffin was one contemporaneous act, the predicate felonies for the felony murder charges were inherent in the act of killing. In addition, the State moved to preclude defense counsel from presenting evidence that

2

defendant acted in self-defense. The trial court denied the motion and ruled that the defense would be allowed to present a defense of justification, despite the sole count of felony murder, because "there is some evidence that there was provocation."

The following evidence was adduced at trial. Defendant was on his way to a party on the evening of May 17, 2002. He was armed with three guns, two of which belonged to a friend. Defendant's gun was a 9 millimeter and was fully loaded with 10 rounds. While driving he stopped to talk to Versaille Peynesta, who was standing outside the apartment building where the party was being held. Several witnesses testified that they saw defendant and Peynesta talking.

While they were talking, Sherman Mays came up to them and began "talking crazy." Evidence established that at the time of his death, Mays had a blood alcohol content of .204. The three men then went to the porch of the apartment building, where defendant sat down and put his 9 millimeter on his lap. Several witnesses testified that they saw three men on the porch. Defendant had previously drawn the gun when he was talking to Peynesta. Mays asked defendant if he could see his gun. Defendant gave Mays the gun to look at and Mays then pointed the gun at defendant's head. After defendant asked Mays to return the gun, Mays fired the weapon past defendant's head. Defendant then ran up the stairs and into the apartment where the party was being held. Mays shot at him again. Several witnesses testified that they heard at least one shot. Defendant then exited the apartment through the back door and walked home, leaving his car at the party.

3

Defendant testified that he later returned to the party to retrieve his car. As he was about to enter his car, Jermond Jenkins walked up to defendant and told him that Mays was willing to give him his gun back. Jenkins pointed to the car that Mays was sitting in. Defendant walked to the car's passenger door and spoke to Mays. Defendant testified that he did not know that Tanya Griffin was in the car. When defendant asked Mays for his gun back, Mays aimed the gun at defendant and shot at him. Defendant pulled out his two guns and started shooting at Mays. Mays suffered 10 fatal bullet wounds. After the shooting, defendant fled to Mississippi. He was arrested a month later when he returned to Chicago.

Tanya Griffin testified that when she and Mays, her boyfriend, got into her car after they left the party together, he did not have a gun. However, Griffin had previously told prosecutors that there was a gun under the passenger seat where Mays was sitting. Griffin testified that defendant walked up to the passenger side of her car and started firing, shooting nonstop at close range. Griffin further stated that Mays did not have a gun in his hand, nor did she see him reach for a gun. Jenkins and Dwayne Baker also testified that they did not see a gun in Mays' hand and did not see Mays shoot at defendant.

After hearing all of the evidence, the jury found defendant guilty of felony murder predicated on aggravated battery with a firearm. The trial court sentenced defendant to 45 years' imprisonment. It is from this judgment that defendant now appeals.

4

1-05-4085

ANALYSIS

Defendant first argues that his conviction for felony murder must be reversed because the predicate offense, aggravated battery with a firearm, was inherent in the shooting of the decedent.

A person commits the offense of felony murder when he, without lawful justification, causes another's death while attempting or committing a forcible felony other than second degree murder. 720 ILCS 5/9-1(a)(3) (West 2000). A forcible felony includes aggravated battery with a firearm. 720 ILCS 5/2-8 (West 2000); *People v. Hall*, 291 Ill. App. 3d 411 (1997). The purpose of the felony murder statute is to limit the violence that accompanies the commission of forcible felonies, so that a person engaged in such violence will be automatically subject to a murder prosecution should someone be killed in the course of a forcible felony. *People v. Belk*, 203 Ill. 2d 187, 192 (2003). As such, under the felony murder statute, an offender is responsible for the direct and foreseeable consequences of his initial criminal act. *Belk*, 203 Ill, 2d at 192.

Defendant argues that, similar to *People v. Morgan*, 197 Ill. 2d 404 (2001), the act of aggravated battery with a firearm was inherent in the offense of murder and therefore cannot support a conviction for felony murder. In *Morgan*, the defendant admitted that he shot his grandfather, and then his grandmother as she attempted to flee, because he feared for his life. He was charged with two counts of felony murder predicated on aggravated battery and aggravated discharge of a firearm. The

5

defendant was ultimately convicted of felony murder predicated on aggravated discharge of a firearm. *Morgan*, 197 Ill. 2d at 444.

On appeal to our supreme court, the defendant argued that his conviction should be overturned because the predicate felony, aggravated discharge of a firearm, was not independent of the killings. *Morgan*, 197 Ill. 2d at 444-45. The *Morgan* court agreed, finding that the offense of aggravated discharge of a firearm could not support a conviction for felony murder because, given the facts of the case, aggravated battery and aggravated discharge of a firearm were inherent in the murders of the defendant's grandparents. *Morgan,* 197 Ill. 2d at 447. In discussing the felony murder doctrine, the *Morgan* court expressed concern that, since the State was not required to prove intent to kill in the prosecution of a felony murder charge, the State would be absolved from its duty to prove that a defendant has either an intent to kill or to do great bodily harm. *Morgan,* 197 Ill. 2d at 447. The court noted "every [act of] shooting necessarily encompasses conduct constituting aggravated battery, *i.e.*, great bodily harm, as well as conduct constituting aggravated discharge of a firearm, *i.e.*, discharging a firearm in the direction of another. *Morgan*, 197 Ill. 2d at 447. Consequently, the *Morgan* court held that a defendant cannot be convicted of felony murder when the predicate felony "arose from and [was] inherent in the murder[ ]." *Morgan*, 197 Ill. 2d at 447. The court concluded that "the predicate felony underlying a charge of felony murder must have an independent felonious purpose." *Morgan*, 197 Ill. 2d at 458.

6

The State argues that the case at bar is not controlled by *Morgan* because defendant's act of firing shots into the car had an independent felonious purpose other than killing Mays. At oral argument, the State suggested that defendant intended to "shoot everyone in the car." The State argues that the facts of this case are more similar to those in *People v. Toney*, 337 Ill. App. 3d 122 (2003). In *Toney*, the defendant was convicted of felony murder predicated on aggravated discharge of a firearm on a theory of accountability. *Toney,* 337 Ill. App. 3d at 129. The defendant knowingly drove codefendants to confront rival gang members and a shootout took place where an innocent bystander was killed. *Toney*, 337 Ill. App. 3d at 140. This court upheld the defendant's conviction on appeal finding that the predicate felony of aggravated discharge of a firearm "was motivated by an independent felonious purpose other than the killing of [the victim]. That conduct involved the independent felonious purpose of discharging firearms in the direction of the Four Corner Hustlers * * *." *Toney*, 337 Ill. App. 3d at 135. The court further noted that the victim "was not even present when that gun battle began. Rather, he was shot at a different location several minutes after the initial exchange of gunfire by the two rival gangs." *Toney*, 337 Ill. App. 3d at 135.

To parse out the parties' arguments, we must, in accordance with *Morgan*, review of the facts of the case to determine whether the predicate felony "arose from" or was "inherent in" the murder of the victim: if so, a felony murder charge is not legally

6

proper, but if not, a felony murder charge is appropriate. See *Toney*, 337 Ill. App. 3d at 132 ("the factual context surrounding the murder is critical in determining whether the forcible felony can serve as a predicate felony for felony murder"); see also *People v. Pelt*, 207 Ill. 2d 434, 442-43 (2003) (the predicate felony underlying the charge of felony murder must involve conduct with a felonious purpose other than the conduct which killed the victim).

We have considered the rather muddled, inconsistent theories that the State presented at trial. Prior to the commencement of trial , the State indicated that, with respect to count VIII, the felony murder count,  it intended to prove that defendant was committing an aggravated battery with a firearm against Griffin and while doing so "shot and killed Sherman Mays with a firearm during the commission of a forcible felony, to wit: aggravated battery with a firearm, and during the commission of the offense of first degree murder, Ronald Rosenthal personally discharged a firearm that proximately caused death, in violation of Chapter 720 Act 5 Section 9-1(a)(3) of the Illinois Complied Statues 1992." However, after reviewing the record before us, we have found little evidence to support this theory.

First, defendant admitted that he intentionally shot Mays because Mays shot at him; the only question was whether his actions were justified. The evidence established that Mays had been shot 10 times, while Griffin only sustained one gunshot wound to the arm. Defendant testified that he did not even know that Griffin was in the

10

car.  Second, the State repeatedly argued that defendant had "motive" to shoot Mays, that he did it for "revenge," that he "executed" Mays, and that he did it in "cold blood." This type of argument certainly does not support the State's theory that defendant intended to commit an aggravated battery with a firearm against Griffin.  Third, the State used the theory of transferred intent to explain to the jury that it could find defendant intentionally caused injury to Griffin by transferring defendant's intent to commit an aggravated battery against Mays to Griffin.  The State argued in closing:

> "In this case the defendant intended to shoot or commit aggravated battery with a firearm to Sherman Mays, but he hit, even if it was unintended, Tanya Griffin which I don't believe the evidence bears out.  I believe he knew Tanya was in the car.
>
> * * *
>
> I'm telling you what the evidence shows, and I believe the evidence shows he knew Tanya was in the car.  But even if you don't believe that, the intent, if he intended to shoot at Sherman, that intent follows the bullet right to Tanya.
>
> * * *
>
> Even if the defendant only intended to shoot at Sherman Mays, if you find that he did so, his intent follows the bullet and he's still guilty of aggravated battery.
>
> * * *
>
> Even if he intended to shoot at Sherman, his intent is transferred and he's guilty of aggravated battery with a firearm of Tanya Griffin."

10

1-05-4085

This argument is wholly inconsistent with the State's theory that there was an independent felonious purpose for the predicate felony of aggravated battery with a firearm.

Considering the record before us, and taking the parties' theories of the case into consideration, we find that the facts of this case are more similar to those in *Morgan* than *Toney*. In *Morgan*, as in the case *sub judice*, the same act that formed the basis for the predicate felony was also the same act inherent in the murders. In short, the aggravated battery with a firearm in this case was inherent in the killing of Mays. An independent felonious purpose for the aggravated battery with a firearm simply was not proven.

The State suggests that should we find defendant's conviction for felony murder predicated on aggravated battery with a firearm to be improper in this case, we should remand for resentencing on the lesser included offense of aggravated battery with a firearm. We believe that this would be an unjust result where count VIII, the only count for which defendant was tried, did not indicate the intended victim of the aggravated battery with a firearm. In addition, the jury was not given a separate verdict form for aggravated battery with a firearm. The proper remedy in this case is a reversal. As this issue is dispositive, we need not address defendant's remaining issues.

Reversed.

HOFFMAN, P.J., and HALL, J., concur.

10

1-05-4085