SECOND DIVISION
December 31, 2008

No. 1-05-4085

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RONALD ROSENTHAL,<br><br>Defendant-Appellant. | Appeal from the<br>Circuit Court of<br>Cook County<br><br><br>Honorable<br>Marcus R. Salone,<br>Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court.

Defendant Ronald Rosenthal was convicted of felony murder predicated on aggravated battery with a firearm (720 ILCS 5/9-1(a)(3) (West 2000)) and was sentenced to 45 years' imprisonment. On appeal, defendant argues: (1) his conviction should be reversed because the State failed to prove an independent felonious purpose for the aggravated battery with a firearm; (2) the trial court erred in denying defendant's

motion to dismiss the indictment; (3) the jury was given an erroneous instruction; (4) the trial court improperly allowed the State to present prejudicial evidence of defendant's prior bad acts; (5) the trial court abused its discretion when it found that a potential witness had a valid fifth amendment right against self-incrimination; and (6) the State repeatedly misstated the evidence in closing argument. In *People v. Rosenthal*, 383 Ill. App. 3d 32 (2008), we reversed defendant's conviction and sentence. On September 24, 2008, pursuant to its supervisory authority, the Illinois supreme court directed this court to vacate its order in *Rosenthal*, 383 Ill. App. 3d 32, and consider whether in light of the holding in *People v. Knaff*, 196 Ill. 2d 460, 478 (2001), conviction and remand to the trial court for sentencing on aggravated battery with a firearm is appropriate. For the following reasons, we reverse defendant's conviction.

BACKGROUND

Defendant was initially charged with 12 counts of first degree murder, three counts of attempt first degree murder, one count of aggravated battery with a firearm and two counts of aggravated battery. These charges arose from the shooting death of Sherman Mays and the wounding of Tanya Griffin. Prior to trial, the State nol-prossed all counts except count VIII, which was felony murder predicated on aggravated battery with a firearm.

Count VIII alleged that defendant "shot and killed Sherman Mays with a firearm during the commission of a forcible felony, to wit: aggravated battery with a firearm, and during the commission of the offense of first degree murder, Ronald Rosenthal

2

personally discharged a firearm that proximately caused death, in violation of Chapter 720 Act 5 Section 9-1(a)(3) of the Illinois Complied Statues 1992." Although Tanya Griffin mentioned in other counts, including those counts of aggravated battery with a firearm that were dismissed, Griffin was not mentioned as a victim in Count VIII.

Prior to trial, defense counsel moved to dismiss the felony murder count arguing that because the shooting of Mays and Griffin was one contemporaneous act, the predicate felonies for the felony murder charges were inherent in the act of killing. In addition, the State moved to preclude defense counsel from presenting evidence that defendant acted in self-defense. The trial court denied the motion and ruled that the defense would be allowed to present a defense of justification, despite the sole count of felony murder, because "there is some evidence that there was provocation."

The following evidence was adduced at trial. Defendant was on his way to a party on the evening of May 17, 2002. He was armed with three guns, two of which belonged to a friend. Defendant's gun was a 9 millimeter and was fully loaded with 10 rounds. While driving he stopped to talk to Versaille Peynesta, who was standing outside the apartment building where the party was being held. Several witnesses testified that they saw defendant and Peynesta talking.

While they were talking, Sherman Mays came up to them and began "talking crazy." Evidence established that at the time of his death, Mays had a blood alcohol content of .204. The three men then went to the porch of the apartment building, where defendant sat down and put his 9 millimeter on his lap. Several witnesses testified that

they saw three men on the porch. Defendant had previously drawn the gun when he was talking to Peynesta. Mays asked defendant if he could see his gun. Defendant gave Mays the gun to look at and Mays then pointed the gun at defendant's head. After defendant asked Mays to return the gun, Mays fired the weapon past defendant's head. Defendant then ran up the stairs and into the apartment where the party was being held. Mays shot at him again. Several witnesses testified that they heard at least one shot. Defendant then exited the apartment through the back door and walked home, leaving his car at the party.

Defendant testified that he later returned to the party to retrieve his car. As he was about to enter his car, Jermond Jenkins walked up to defendant and told him that Mays was willing to give him his gun back. Jenkins pointed to the car that Mays was sitting in. Defendant walked to the car's passenger door and spoke to Mays. Defendant testified that he did not know that Tanya Griffin was in the car. When defendant asked Mays for his gun back, Mays aimed the gun at defendant and shot at him. Defendant pulled out his two guns and started shooting at Mays. Mays suffered 10 fatal bullet wounds. After the shooting, defendant fled to Mississippi. He was arrested a month later when he returned to Chicago.

Tanya Griffin testified that when she and Mays, her boyfriend, got into her car after they left the party together, he did not have a gun. However, Griffin had previously told prosecutors that there was a gun under the passenger seat where Mays was sitting. Griffin testified that defendant walked up to the passenger side of her car and started

4

firing, shooting nonstop at close range. Griffin further stated that Mays did not have a gun in his hand, nor did she see him reach for a gun. Jenkins and Dwayne Baker also testified that they did not see a gun in Mays' hand and did not see Mays shoot at defendant.

After hearing all of the evidence, the jury was instructed. Interestingly, there was no mention of Tanya Griffin in any of the instructions provided to the jury. Ultimately, the jury found defendant guilty of felony murder predicated on aggravated battery with a firearm. The trial court sentenced defendant to 45 years' imprisonment. It is from this judgment that defendant now appeals.

## ANALYSIS

Defendant first argues that his conviction for felony murder must be reversed because the predicate offense, aggravated battery with a firearm, was inherent in the shooting of the decedent.

A person commits the offense of felony murder when he, without lawful justification, causes another's death while attempting or committing a forcible felony other than second degree murder. 720 ILCS 5/9-1(a)(3) (West 2000). A forcible felony includes aggravated battery with a firearm. 720 ILCS 5/2-8 (West 2000); *People v. Hall*, 291 Ill. App. 3d 411 (1997). The purpose of the felony murder statute is to limit the violence that accompanies the commission of forcible felonies, so that a person engaged in such violence will be automatically subject to a murder prosecution should

5

someone be killed in the course of a forcible felony. *People v. Belk*, 203 Ill. 2d 187, 192 (2003). As such, under the felony murder statute, an offender is responsible for the direct and foreseeable consequences of his initial criminal act. *Belk*, 203 Ill, 2d at 192.

Defendant argues that, similar to *People v. Morgan*, 197 Ill. 2d 404 (2001), the act of aggravated battery with a firearm was inherent in the offense of murder and therefore cannot support a conviction for felony murder. In *Morgan*, the defendant admitted that he shot his grandfather, and then his grandmother as she attempted to flee, because he feared for his life. He was charged with two counts of felony murder predicated on aggravated battery and aggravated discharge of a firearm. The defendant was ultimately convicted of felony murder predicated on aggravated discharge of a firearm. *Morgan*, 197 Ill. 2d at 444.

On appeal to our supreme court, the defendant argued that his conviction should be overturned because the predicate felony, aggravated discharge of a firearm, was not independent of the killings. *Morgan*, 197 Ill. 2d at 444-45. The *Morgan* court agreed, finding that the offense of aggravated discharge of a firearm could not support a conviction for felony murder because, given the facts of the case, aggravated battery and aggravated discharge of a firearm were inherent in the murders of the defendant's grandparents. *Morgan,* 197 Ill. 2d at 447. In discussing the felony murder doctrine, the *Morgan* court expressed concern that, since the State was not required to prove intent to kill in the prosecution of a felony murder charge, the State would be absolved from its

duty to prove that a defendant has either an intent to kill or to do great bodily harm. *Morgan,* 197 Ill. 2d at 447. The court noted "every [act of] shooting necessarily encompasses conduct constituting aggravated battery, *i.e.,* great bodily harm, as well as conduct constituting aggravated discharge of a firearm, *i.e.,* discharging a firearm in the direction of another. *Morgan*, 197 Ill. 2d at 447. Consequently, the *Morgan* court held that a defendant cannot be convicted of felony murder when the predicate felony "arose from and [was] inherent in the murder[ ]." *Morgan*, 197 Ill. 2d at 447. The court concluded that "the predicate felony underlying a charge of felony murder must have an independent felonious purpose." *Morgan*, 197 Ill. 2d at 458.

The State argues that the case at bar is not controlled by *Morgan* because defendant's act of firing shots into the car had an independent felonious purpose other than killing Mays. At oral argument, the State suggested that defendant intended to "shoot everyone in the car." The State argues that the facts of this case are more similar to those in *People v. Toney*, 337 Ill. App. 3d 122 (2003). In *Toney*, the defendant was convicted of felony murder predicated on aggravated discharge of a firearm on a theory of accountability. *Toney,* 337 Ill. App. 3d at 129. The defendant knowingly drove codefendants to confront rival gang members and a shootout took place where an innocent bystander was killed. *Toney*, 337 Ill. App. 3d at 140. This court upheld the defendant's conviction on appeal finding that the predicate felony of aggravated discharge of a firearm "was motivated by an independent felonious purpose other than the killing of [the victim]. That conduct involved the independent felonious

purpose of discharging firearms in the direction of the Four Corner Hustlers * * *." *Toney*, 337 Ill. App. 3d at 135. The court further noted that the victim "was not even present when that gun battle began. Rather, he was shot at a different location several minutes after the initial exchange of gunfire by the two rival gangs." *Toney*, 337 Ill. App. 3d at 135.

To parse out the parties' arguments, we must, in accordance with *Morgan*, review the facts of the case to determine whether the predicate felony "arose from" or was "inherent in" the murder of the victim: if so, a felony murder charge is not legally proper, but if not, a felony murder charge is appropriate. See *Toney*, 337 Ill. App. 3d at 132 ("the factual context surrounding the murder is critical in determining whether the forcible felony can serve as a predicate felony for felony murder"); see also *People v. Pelt*, 207 Ill. 2d 434, 442-43 (2003) (the predicate felony underlying the charge of felony murder must involve conduct with a felonious purpose other than the conduct which killed the victim).

As previously discussed, the State proceeded to trial on one count, Count VIII of the indictment, of felony murder predicated on aggravated battery with a firearm. The only victim named in that count was Sherman Mays. Griffin was not named as a victim. Nonetheless, prior to the commencement of trial , the State indicated that, with respect to Count VIII, it intended to prove that defendant was committing an aggravated battery with a firearm against Griffin and while doing so "shot and killed Sherman Mays with a

firearm during the commission of a forcible felony, to wit: aggravated battery with a firearm, and during the commission of the offense of first degree murder, Ronald Rosenthal personally discharged a firearm that proximately caused death, in violation of Chapter 720 Act 5 Section 9-1(a)(3) of the Illinois Complied Statues 1992."   Despite its statement to the contrary, the State actually proceeded on the theory that Mays was the victim of the aggravated battery with a firearm.

As the record in this case indicates,  the State repeatedly argued that defendant had "motive" to shoot Mays, that he did it for "revenge," that he "executed" Mays, and that he did it in "cold blood."  This type of argument certainly does not support the State's theory that defendant intended to commit an aggravated battery with a firearm against Griffin.  Likewise, the State used the theory of transferred intent to explain to the jury that it could find defendant intentionally caused injury to Griffin by transferring defendant's intent to commit an aggravated battery against Mays to Griffin.  The State argued in closing:

"In this case the defendant intended to shoot or commit aggravated

battery with a firearm to Sherman Mays, but he hit, even if it was unintended,

Tanya Griffin which I don't believe the evidence bears out.  I believe he knew

Tanya was in the car.

* * *

I'm telling you what the evidence shows, and I believe the evidence shows

he knew Tanya was in the car.  But even if you don't believe that, the intent, if he

9

intended to shoot at Sherman, that intent follows the bullet right to Tanya.

\* \* \*

Even if the defendant only intended to shoot at Sherman Mays, if you find that he did so, his intent follows the bullet and he's still guilty of aggravated battery.

\* \* \*

Even if he intended to shoot at Sherman, his intent is transferred and he's guilty of aggravated battery with a firearm of Tanya Griffin."

In addition, while criminal defendants are normally not allowed to assert self-defense against a charge of felony murder (*People v. Moore*, 95 Ill. 2d 404, 411 (1983) (self-defense cannot be raised as a defense to felony murder); see also 720 ILCS 5/7-4(a) (West 2004)), defendant was allowed to assert self-defense in this case because the trial court found that there was some evidence of provocation. When he testified, defendant admitted that he intentionally shot Mays because Mays shot at him; the only question was whether his actions were justified. The evidence established that Mays had been shot 10 times, while Griffin only sustained one gunshot wound to the arm. Defendant testified that he did not even know that Griffin was in the car. As a result, the jury heard a considerable amount of evidence supporting the theory that Mays was the intended victim of the aggravated battery with a firearm.

Considering the record before us, and taking the parties' theories of the case into consideration, we find that the facts of this case are more similar to those in *Morgan*

than *Toney*. In *Morgan*, as in the case *sub judice*, the same act that formed the basis for the predicate felony was also the same act inherent in the murders. In short, the aggravated battery with a firearm in this case was inherent in the killing of Mays. An independent felonious purpose for the aggravated battery with a firearm simply was not charged or proven. This is especially true in this case given the amount of evidence presented suggesting that defendant intentionally shot Mays and the instructions and verdict forms submitted to the jury.

That being said, the State suggests that should we find defendant's conviction for felony murder predicated on aggravated battery with a firearm to be improper in this case, we should remand for resentencing on the lesser included offense of aggravated battery with a firearm. The State asserts that the aggravated battery with a firearm of Griffin is a lesser included offense of the felony murder charge. In support, the State relies on *People v. Knaff*, 196 Ill. 2d 460 (2001), and *People v. Williams*, 267 Ill. App. 3d 870, 879-80 (1994).

In *Knaff*, the defendant was charged with two counts of unlawful delivery of a controlled substance within 1,000 feet of public housing and two counts of unlawful delivery of a controlled substance. Prior to trial, the State dismissed the two counts of unlawful delivery of a controlled substance and proceeded to trial on the greater charges of unlawful delivery of a controlled substance within 1,000 feet of public housing. *Knaff*, 196 Ill. 2d at 462-64.

11

At the close of the State's case, the trial court granted the defendant's motion for a directed verdict finding that the State failed to prove the location element of the charge, i.e., that the delivery of the controlled substance occurred within 1,000 feet of public housing. The court found that the evidence was sufficient to prove the lesser offense of unlawful delivery of a controlled substance and allowed the State to amend the indictment. The jury was instructed on the lesser offenses and the defendant was ultimately convicted of the lesser offenses of unlawful delivery of a controlled substance. *Knaff*, 196 Ill. 2d at 463.

On review, the defendant argued that the trial court violated his constitutional and statutory right against double jeopardy when it allowed the State to proceed against him on the lesser-included offenses after the court found the evidence insufficient on the greater offenses due to the State's inability to prove location. Our supreme court upheld the decision of the trial court finding that the defendant's rights against double jeopardy were not violated because courts have long recognized a court's ability to reverse a conviction while ordering the entry of a judgment on a lesser-included offense. *Knaff*, 196 Ill. 2d at 477-78.

In *Williams,* the defendant was charged with possession with intent to deliver more that 100 but less than 400 grams of cocaine. Following his conviction, the defendant appealed and argued that the State failed to prove that defendant possessed more than 100 grams but less than 400 grams of cocaine because, despite the parties'

stipulations to the findings of the chemist, the chemist could have only confirmed 56.76 grams of the substance contained cocaine. *Williams*, 267 Ill. App. 3d at 878.

This court agreed with defendant and found that although the State failed to prove the charged offense, it did prove defendant guilty of possession of more than 15 grams but less than 100 grams of cocaine. *Williams*, 267 Ill. App. 3d at 879. Indicating its authority under Supreme Court Rule 615(b)(3) (134 Ill.2d R. 615(b)(3)) to reduce the degree of the offense for which defendant was convicted, as well as the principle that a defendant "may be convicted of an offense not expressly included in the charging instrument if that offense is a 'lesser included offense' of the offense expressly charged", the *Williams* court reduced the defendant's conviction and remanded for resentencing. *Williams*, 267 Ill. App. 3d at 880.

We have no issue with the State's contention that in this case aggravated battery with a firearm is a lesser included offense of felony murder. See *People v. Smith*, 183 Ill. 2d 425, 4732 (1998). However, we find *Knaff* and *Williams* inapplicable to the facts of this case.

The question presented in *Knaff* was whether a lesser-included offense not expressly charged by an indictment would be barred by double jeopardy. *Knaff*, 196 Ill. 2d at 477. Notwithstanding that we are not dealing with double jeopardy here, *Knaff* involved a relatively simple unlawful possession with intent to deliver; the only question was whether that delivery took place within 1,000 feet of public housing. After the court concluded it did not, the State amended the indictment to include the lesser offense of

13

straight unlawful possession with intent to deliver and the case was submitted to the jury with the corresponding instructions and verdict forms.  Similarly, in *Williams*, it was not questioned that the defendant possessed and intended to deliver the cocaine; rather, it was simply a matter of how much cocaine defendant possessed.  After the *Williams* court found that the State actually only proved that defendant possessed 56.76 grams, the court reduced the charge to the lesser offense of possession with intent to deliver less than 100 grams.

The question presented here is not as neatly packaged as those in *Knaff* and *Williams*.  In this case we have one count of felony murder predicated on aggravated battery with a firearm, two victims, neither of whom were clearly identified as the actual victim, evidence that was all over the map, and instructions and verdict forms that name Mays as the victim but not Griffin, despite the State's indication that Griffin was the actual victim of the aggravated battery with a firearm.  In addition, we add to that our finding that the State failed to charge or prove an independent felonious intent for the aggravated battery with a firearm.

The State would have us believe that all of this is irrelevant because the jury in this case found beyond a reasonable doubt that defendant committed aggravated battery with a firearm as the predicate felony for the felony murder count.  The jury was instructed as follows:

"To sustain the charge of first degree murder, the State must prove that when the defendant performed the acts which caused the death of Sherman

14

Mays, the defendant was committing the offense of aggravated battery with a firearm beyond a reasonable doubt. Accordingly, you may find the defendant guilty of first degree murder only if you also find the defendant was committing the offense of aggravated battery with a firearm beyond a reasonable doubt."

Thus, the State claims, inherent in the verdict finding defendant guilty of murder, the jury also found defendant guilty beyond a reasonable doubt of the predicate aggravated battery with a firearm of Griffin. Consequently, remanding for resentencing is justified.

The State is operating on the mistaken belief here that because it indicated its intent to proceed as if Griffin was the intended victim of the aggravated battery with a firearm, outside the presence of the jury, the jury necessarily made that finding. Given the arguments advanced by the State and the jury instructions and the verdict forms in this case, it is clear that jurors were free to base their verdict on an aggravated battery with a firearm to Mays. Furthermore, because the instructions and verdict forms did not differentiate between an aggravated battery with a firearm to Griffin and an aggravated battery with a firearm to Mays, some jurors may have concluded that Griffin was the victim of the aggravated battery with a firearm while some may have concluded that Mays was the victim. While we can only speculate as to what the jury found, the abundant irregularities and confusion in this case undermines our confidence that the jury could have possibly reached a unanimous verdict, thereby violating defendant's constitutional rights (See Ill. Const.1970, art. I § 13; 725 ILCS 5/115-4 (West 2002) (a

15

defendant has right to a unanimous jury verdict)).   Accordingly, it would be improper and unjust for this court to remand this case for resentencing on a lesser offense of aggravated battery with a firearm.

Based on the foregoing, the judgment of the trial court is reversed.  As this issue is dispositive, we need not address defendant's remaining issues.

Reversed.

KARNEZIS, P.J., with HOFFMAN and HALL, J.J., concurring.